IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.      No. CR 09-0312 JB

KALVEST GANADONEGRO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States' Motion *In Limine* #2 To Permit the Victim's Mother's Presence in the Courtroom, filed August 17, 2011 (Doc. 136). The Court held a hearing on August 24, 2011. Plaintiff United States of America moves the Court to permit the alleged victim's mother, Quintara Smiley, to be present in the courtroom during all trial proceedings following her in-court testimony. The United States intends to call her early in its case-in-chief. At the hearing, Defendant Kalvest Ganadonegro represented he did not oppose Smiley's presence in the courtroom during trial proceedings following her in-court testimony with the caveat that he asked that the United States save any rebuttal testimony by Smiley for true rebuttal testimony, and not merely for the opportunity to have a teenage mother be the last thing the jury sees before it retires to deliberate. The Court informed the United States that it was strict on rebuttal, and that if it could not anticipate the testimony, then the testimony is rebuttal, but if it could anticipate the testimony, it has to bring out the testimony in its case-in-chief and not use a rebuttal witness to have the last word before the jury. The United States represented that it would bring out evidence of Ganadonegro's reputation for being a poor parent only if he presents evidence that he was a

wonderful, caring parent. Ganadonegro represented that he would limit his presentation of character evidence to evidence of character for peacefulness, and character for honesty and truthfulness, and that, although he would present evidence that he is a father and has raised three children, he will not present evidence that he is a good father. While it is unusual for the government to put on evidence of a defendant's character before the defendant puts his character in evidence, here, the defendant has made it clear that he will put some of his character in evidence and he wants to avoid Smiley's rebuttal. Cf. United States v. Sweeny, 262 F.2d 272, 277 (3d Cir. 1959)("The purpose of the rule cutting off rebuttal testimony on this type of cross-examination is to avoid a confusion of issues or undue prejudice to the defendant. "). The Court asked: "[I]f [counsel for the United States, Jennifer M. Rozzoni,] asks any questions that she wants . . . of Smiley during her case-in-chief it's not going to draw an objection on peacefulness or credibility?" Transcript of Hearing at 20:6-9 (taken August 24, 2011)(Court).[1] Ganadonegro represented that he will not object to character evidence from Smiley coming in the United States' case-in-chief. The United States represented that it was satisfied with this agreement. For these reasons, and the reasons stated on the record at the hearing, the Court will grant the United States' motion.

**IT IS ORDERED** that the United States' Motion *In Limine* #2 To Permit the Victim's Mother's Presence in the Courtroom, filed August 17, 2011 (Doc. 136), is granted.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court's citations of the transcript are to the Court Reporter's original, unedited version. Any final version may contain different line or page numbers.

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Presiliano Torrez
Jack Burkhead
Jennifer M. Rozzoni
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Kari Converse
Brian A. Pori
  Assistant Federal Public Defenders
Albuquerque, New Mexico

    *Attorneys for the Defendant*