IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                     No. CR 09-0312 JB

KALVEST GANADONEGRO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Notice of Intent to Introduce Evidence

Pursuant to Federal Rule of Evidence 404(b), filed August 24, 2011 (Doc. 140).  The Court held a

hearing on August 24, 2011.  Plaintiff United States of America provides notice of its intention to

introduce evidence of other crimes, wrongs or acts of Defendant Kalvest Ganadonegro pursuant to

rule 404(b) of the Federal Rules of Evidence, although both in its Motion and in its argument at the

hearing, the United States stated that the evidence may not be evidence of wrongs or bad acts.  The

Court finds that Lavell Apache may testify only that Ganadonegro called her on three occasions,

stating that he could not get Doe to stop crying, and that Apache went to Ganadonegro's house and

found Doe crying.

**PROCEDURAL BACKGROUND**

On August 24, 2011, the United States filed its Notice of Intent to Introduce Evidence

Pursuant to Federal Rule of Evidence 404(b).  See Doc. 140.  The United States asserts that, in the

investigation of the case, a family member of the victim, Apache, was interviewed.  It states that

Apache expressed her concern about Ganadonegro's care of Jane Doe and noted three occasions on

which Ganadonegro called her, stating that he could not get Doe to stop crying.  Apache stated that,

on these occasions, she went to Ganadonegro's home, she found Doe crying and in a soiled diaper, and that the child would jump into her arms and was always happy to see her. Apache further stated that Doe always seems to be crying when she was with Ganadonegro. The United States does not concede that this testimony is a prior bad act as contemplated under rule 404(b), but, out of an abundance of caution, it seeks permission to present testimony concerning the three occasions wherein Ganadonegro called Apache because he could not stop Jane Doe from crying. The United States argues, however, that the evidence is admissible under rule 404(b), because it demonstrates Ganadonegro's motive. The United States also argues that Ganadonegro's general reputation as a parent is admissible pursuant to rule 404(a)(1) if he opens the door to his character for parenting.

## LAW REGARDING RULE 404(b)

Under rule 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show action in conformity therewith. See Fed. R. Evid. 404(b). Rule 404(b) provides:

> **(b) Other Crimes, Wrongs, or Acts.** -- Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b). In other words, one cannot present evidence the relevance of which is based on the forbidden inference: the person did X in the past, therefore he probably has a propensity for doing X, and therefore he probably did X this time, too. The rule, however, has a number of "exceptions" -- purposes for which such evidence will be admissible. Those purposes include proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake

or accident.  See Fed. R. Evid. 404(b).  The Supreme Court of the United States has enunciated a

four-part process to determine whether evidence is admissible under rule 404(b).  See Huddleston

v. United States, 485 U.S. 681, 691-92 (1988).  The United States Court of Appeals for the Tenth

Circuit has consistently applied that test.

> To determine whether Rule 404(b) evidence was properly admitted we look to [a]
> four-part test . . . : (1) the evidence must be offered for a proper purpose; (2) the
> evidence must be relevant; (3) the trial court must make a Rule 403 determination
> of whether the probative value of the similar acts is substantially outweighed by its
> potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court
> shall, upon request, instruct the jury that evidence of similar acts is to be considered
> only for the proper purpose for which it was admitted.

United States v. Zamora, 222 F.3d 756, 762 (10th Cir. 2000)(citing United States v. Roberts, 185

F.3d 1125 (10th Cir. 1999)).  See United States v. Higgins, 282 F.3d 1261, 1274 (10th Cir. 2002);

United States v. Hardwell, 80 F.3d 1471, 1488 (10th Cir. 1996)(citing Huddleston v. United States,

485 U.S. 681, 691-92 (1988)).

Rule 404(b)'s prohibition finds its source in the common-law protection of the criminal

defendant from risking conviction on the basis of evidence of his character.  See United States v.

Dudek, 560 F.2d 1288, 1295-96 (6th Cir. 1977); 22 C. Wright & K. Graham, Federal Practice and

Procedure: Evidence § 5239, at 428, 436-37 & 439 (1991).  In United States v. Phillips, 599 F.2d

134 (6th Cir. 1979), the United States Court of Appeals for the Sixth Circuit noted, in addressing

rule 404(b)'s precepts, that the rule addresses two main policy concerns:

> (1) that the jury may convict a "bad man" who deserves to be punished not because
> he is guilty of the crime charged but because of his prior or subsequent misdeeds;
> and (2) that the jury will infer that because the accused committed other crimes he
> probably committed the crime charged.

United States v. Phillips, 599 F.2d at 136.

When bad act evidence is both relevant and admissible for a proper purpose, "the proponent

must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the bad act." United States v. Morley, 199 F.3d 129, 133 (3d Cir. 1999)(alterations omitted).  The Tenth Circuit has also stated that district courts must "identify specifically the permissible purpose for which such evidence is offered and the inferences to be drawn therefrom." United States v. Youts, 229 F.3d 1312, 1317 (10th Cir. 2000)(citing United States v. Kendall, 766 F.2d 1426, 1436 (10th Cir. 1985)).  "[A] broad statement merely invoking or restating Rule 404(b) will not suffice." United States v. Youts, 229 F.3d at 1317.

The Tenth Circuit has recognized the probative value of uncharged, unrelated acts to show motive, intent and knowledge, whether the acts involved previous conduct or conduct subsequent to the charged offense if the uncharged acts are similar to the charged crime and sufficiently close in time.  See United States v. Olivo, 80 F.3d 1466, 1468-69 (10th Cir. 1996)(finding the district court did not abuse its discretion when it admitted evidence about an event over one year after a defendant's arrest); United States v. Bonnett, 877 F.2d 1450, 1461 (10th Cir. 1989)(holding that evidence about events over a year after the charged conduct was not "too remote in time and unrelated to the transactions with which he was charged").  This similarity may be shown through "physical similarity of the acts or through the 'defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic offense and charged offenses.'" United States v. Queen, 132 F.3d 991, 996 (4th Cir. 1997)(quoting United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978).  See United States v. Bonnett, 877 F.2d at 1461 ("The closeness in time and the similarity in conduct [are] matters left to the trial court, and [its] decision will not be reversed absent a showing of abuse of discretion.").  The more similar the act or state of mind, the more relevant the evidence becomes.  See United States v. Queen, 132 F.3d at 996.  Moreover, when establishing

-4-

identity, although the uncharged crime must be similar to the charged offense if it is unrelated to the

charged offense, it need not be identical.  See United States v. Gutierrez, 696 F.2d 753, 755 (10th

Cir. 1982).

**LAW REGARDING RULE 403**

Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative

evidence." Fed. R. Evid. 403.  Under rule 403, the trial court must weigh the proffered evidence's

probative value against its potential for unfair prejudice.  See United States v. Record, 873 F.2d

1363, 1375 (10th Cir. 1989).  "[I]t is only unfair prejudice, substantially outweighing probative

value, which permits exclusion of relevant matter [under rule 403]." United States v. Pettigrew, 468

F.3d 626, 638 (10th Cir. 2006)(quoting United States v. Sides, 944 F.2d 1554, 1563 (10th Cir.

1991))(emphasis in original).  The Tenth Circuit has recently reminded the district courts that they

should be "mindful" that "exclusion of evidence under Rule 403 that is otherwise admissible under

the other rules is an extraordinary remedy and should be used sparingly." United States v. Smalls,

605 F.3d 765, 787 (10th Cir. 2010).

The decision to admit or exclude evidence pursuant to rule 403 is within the trial court's

discretion, see United States v. Lugo, 170 F.3d 996, 1005 (10th Cir. 1999), and the trial court's

discretion to balance possible unfair prejudice against probative value is broad, see United States

v. Bice-Bey, 701 F.2d 1086, 1089 (4th Cir. 1983); United States v. Masters, 622 F.2d 83, 87-88 (4th

Cir. 1980).  As the Supreme Court of the United States recently noted:

> In deference to a district court's familiarity with the details of the case and its greater
> experience in evidentiary matters, courts of appeals afford broad discretion to a
> district court's evidentiary rulings . . . .  This is particularly true with respect to Rule

403 since it requires an "on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant."

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008)(quoting 1 S. Childress & M. Davis, Federal Standards of Review § 4.02, at 4-16 (3d ed. 1999)).  See United States v. Abel, 469 U.S. 45, 54 (1984)("Assessing the probative value of [proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . .").

Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response from the jury or otherwise tends to adversely affect the jury's attitude toward the defendant, wholly apart from its judgment as to his guilt or innocence of the crime charged.  See United States v. Rodriguez, 192 F.2d 946, 951 (10th Cir. 1999).  Evidence is not unfairly prejudicial merely because it damages a case.  See United States v. Caraway, 543 F.3d 1290, 1301 (10th Cir. 2008); United States v. Curtis, 344 F.3d 1057, 1067 (10th Cir. 2003); United States v. Martinez, 938 F.2d 1078, 1082 (10th Cir. 1991).  Rather, "[t]o be unfairly prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'"  United States v. Caraway, 453 F.3d at 1301 (quoting Fed. R. Evid. 403 advisory committee note)(emphasis in original).

## LAW REGARDING RES GESTAE

The Tenth Circuit has explained that "[e]vidence of other crimes should not be suppressed when those facts come in as res gestae -- as part and parcel of the proof of the offense[ ] charged in the indictment."  United States v. Kimball, 73 F.3d 269, 272 (10th Cir. 1995)(alteration in original)(internal quotations and citations omitted).  The Tenth Circuit has approved using res gestae evidence "when it provides the context for the crime, is necessary to a full presentation of the case,

or is appropriate in order to complete the story of the crime on trial by proving its immediate context

or the res gestae." United States v. Kimball, 73 F.3d at 272  (internal quotations and citations

omitted).   The Sixth Circuit has defined res gestae as "those other acts that are inextricably

intertwined with the charged offense or those acts, the telling of which is necessary to complete the

story of the charged offense."  United States v. Hardy, 228 F.3d 745, 748 (6th Cir. 2000)(citations

omitted). See United States v. McVeigh, 153 F.3d 1166, 1203 (10th Cir. 1999)(describing res gestae

evidence as "inextricably intertwined with proper evidence" (internal quotations omitted)).  As the

Sixth Circuit in United States v. Hardy explained,

> Proper background evidence has a causal, temporal or spatial connection with the
> charged offense.  Typically, such evidence is a prelude to the charged offense, is
> directly probative of the charged offense, arises from the same events as the charged
> offense, forms an integral part of a witness's  testimony, or completes the story of the
> charged offense.

United States v. Hardy, 228 F.3d at 748 (citation omitted).

## ANALYSIS

The Court will allow Apache to testify, but will limit her testimony.  At the hearing, the

parties agreed that Apache will not testify about her concern about Ganadonegro's care of Doe, and

that she can testify only that Ganadonegro called her on three occasions, stating that he could not

get Doe to stop crying, and that she went to the house and found Doe crying.  Pared down to these

facts, this evidence does not hurt or reflect poorly on Ganadonegro.  Many people have trouble

getting babies to cease crying, some babies cry all the time, and, when he could not -- on multiple

occasions -- get the baby to quit crying, he called for help and did not shake the baby to death.

Indeed, Ganadonegro intends to introduce evidence of the baby crying at a volleyball practice.  The

evidence that the United States seeks to introduce is not 404(b) evidence, see Fed. R. Evid. 404(b)

("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in

order to show action in conformity therewith."); <u>United States v. Comanche</u>, 577 F.3d 1261, 1267

(10th Cir. 2009)("After explaining the impermissible use of other bad act evidence, Rule 404(b)

delineates the boundary of impermissibility by clarifying that such evidence may nonetheless be

admissible for non-conformity purposes."); it is closer to background evidence or res gestae

evidence, <u>see</u> <u>United States v. Kimball</u>, 73 F.3d at 272; <u>United States v. Zuni</u>, No. CR 05-2369 JB,

2006 WL 4109664 (D.N.M. July 7, 2006)(stating that "[e]vents that are res gestae are part and parcel

of the proof of the offenses charged in the indictment," and that the "Tenth Circuit has approved

using res gestae evidence 'when it provides the context for the crime, is necessary to a full

presentation of the case, or is appropriate in order to complete the story of the crime on trial by

proving its immediate context or the res gestae'"). The primary focus of trial will be on the day that

the alleged activities occurred. While the baby's crying may be the motive for the alleged murder,

Ganadonegro did not act in conformity with his prior conduct, so the evidence is not impermissible

404(b) evidence. The United States will not be suggesting that, because the baby cried in the past,

Ganadonegro acted the same in all situations, including that situation at issue here; at most, it will

be trying to paint the picture that the baby cried a lot.[1] Ganadonegro does not appear to dispute the

---

[1] It may be that the evidence is 404(b) evidence as to the baby, but the prejudice to the baby is minimal, if non-existent. Indeed, 404(b) evidence of a non-party in this matter does not run afoul of any of the problems that rule 404(b) was designed to avoid and to protect. This evidence is offered for a proper purpose, because it relates to Ganadonegro's motive -- whether he shook the baby, causing her death, because she would not stop crying; the evidence is not offered <u>solely</u> to show that the baby cried a lot and was probably crying a lot on the day that Ganadonegro allegedly shook her. <u>See</u> Fed. R. Evid. 404(b). This evidence is relevant, because it has a tendency to make it more or less probable that Ganadonegro shook the baby because she would not stop crying. <u>See</u> Fed. R. Evid. 401. The probative value is not substantially outweighed by the danger of unfair prejudice; this evidence of the alleged victim is not "potent character evidence highly susceptible of misleading the jury." <u>United States v. Yazzie</u>, 188 F.3d 1178, 1191-92 (10th Cir. 1999). Many babies cry, and the Court does not believe that evidence that the alleged victim in this matter cried as a baby is prejudicial to the victim's character. Upon request, however, the Court will instruct the jury that this evidence is to be considered only for the proper purpose for which it was admitted.

past and may himself desire to employ that fact.  For these reasons, and the reasons stated on the

record at the hearing, the Court will allow Apache to testify only that Ganadonegro called her on

three occasions, stating that he could not get Doe to stop crying, and that Apache went to

Ganadonegro's house and found Doe crying.  Because this evidence does not appear to be 404(b)

evidence, the Court, at this time, will not include a limiting instruction for the evidence, although

Ganadonegro remains free to draft and request one be given if he desires.  The United States asked

for permission to lead Apache through her testimony so that it did not end up with information that

should not come out, and Ganadonegro stated he did not object.  The Court will thus allow the

United States to lead Apache through her testimony.

     **IT IS ORDERED** that Plaintiff United States of America's request that the Court issue an

order permitting it to introduce 404(b) evidence in its Notice of Intent to Introduce Evidence

Pursuant to Federal Rule of Evidence 404(b), filed August 24, 2011 (Doc. 140), is granted in part.

Lavell Apache may testify only that Ganadonegro called her on three occasions, stating that he could

not get Doe to stop crying, and that Apache went to Ganadonegro's house and found Doe crying.

 

                                        _____

                                        UNITED STATES DISTRICT JUDGE

---

The Court does not believe that this evidence would come in as habit evidence, see Fed. R. Evid. 406, because three examples -- or four examples assuming Ganadonegro will present evidence that the baby cried at a volleyball practice -- is not "numerous enough to support" habit, Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1285 (11th Cir. 2008).  See United States v. Pinto, 755 F.3d 150, 152 (10th Cir. 1985)("Four instances of conduct while intoxicated over a period of eight years during which time defendant, by his own assertion, was frequently drunk is insufficient to establish habit." (citation omitted)).

*Counsel:*

Kenneth J.  Gonzales
  United States Attorney
Presiliano Torrez
Jennifer M. Rozzoni
  Assistant United States Attorneys
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Kari Converse
Brian A. Pori
  Assistant Federal Public Defenders
Albuquerque, New Mexico

      *Attorneys for the Defendant*