IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                           No. CR 09-0312 JB

KALVEST GANADONEGRO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States' Objections to Defendant's Proposed Voir Dire, filed August 30, 2011 (Doc. 165). The Court held a hearing on August 31, 2011. The primary issue is whether the Court should prohibit defense counsel from asking the prospective jurors: (i) Question 3(a) -- Do you think that because Mr. Ganadonegro is on trial for his freedom, that he's liable to say anything to avoid prison?; (ii) Question 3(b) -- Do you think that because the alleged victim's relatives may be angry, they could misrepresent or exaggerate facts to send Mr. Ganadonegro to prison?; (iii) Question 6(f) -- Should someone be punished when a baby dies? Why or why not?; (iv) Question 4(a) -- Some would say that when people are accused of something they did not do, they would defend themselves by telling their side of the story; (v) Question 2(g) and (i) -- How do people get falsely accused? What factors can lead to false accusations?; (vi) Question 4(d) -- Can you see how Mr. Ganadonegro faces a situation of damned if he does, damned if he does not?; (vii) Question 6(e) and (i) -- Have you ever been around a child who was hurt, and felt responsible just because you were there, but then realized sometimes children can get hurt and it is not anyone's fault? How did you come to that realization?; (viii) Question 6(g)

-- In a child abuse resulting in a death case, who would you give the benefit of the doubt to, and why?; (ix) Question 7(g) and (i) -- Some people are comfortable with ambiguity and others want everything more clear.  What if we get to the end of the case and you are not sure what happened to the child.  How would you feel if you cannot solve the mystery of what happened to the child?; and (x) Question 8(b) and (i) --  Have you heard of false confessions?  What have you head? Why do people falsely confess?  At the hearing, both parties agreed to take the words "to avoid prison" out of Question Nos. 3(a) and 3(b).  For these reasons and the reasons stated on the record at the hearing, the Court thus bars defense counsel from using the words "to avoid prison" in Question Nos. 3(a) and (b).  For the reasons stated on the record at the hearing, the Court bars defense counsel from stating "punished" in Question 6; instead, defense counsel must use the word "convicted."  In Question No. 4(a), defense counsel must ask a question; they cannot solely make a statement.  For the reasons stated on the record at the hearing, the Court will allow defense counsel to ask the  other proposed questions without modification.  At some point, Ganadonegro will have to tackle the issue of his confession and will have to assert that his confession was wrong or untrue.  Although Ganadonegro cannot used his expert witness Dr. Samuel Roll to testify generally about the phenomenon of false confessions or to testify that Ganadonegro fits into the profile of a person who would give a false confession, see Memorandum Opinion and Order at 43, filed August 10, 2011 (Doc. 132), there will still be an issue regarding Ganadonegro's confession at trial.  The Tenth Circuit Criminal Pattern Jury Instructions do not use the word "confession" and instead use the word "statement," to avoid labeling the statement. See Tenth Circuit Criminal Pattern Jury Instructions § 1.25, at 40 (2011)(**VOLUNTARINESS OF STATEMENT BY DEFENDANT (Single Defendants**))("Evidence has been presented about a statement attributed to the defendant . . . .  In determining whether any such statement is reliable and credible, consider factors bearing on the

voluntariness of the statement."); Tenth Circuit Criminal Pattern Jury Instructions § 1.25, at 40 cmt. (2011)((**VOLUNTARINESS OF STATEMENT BY DEFENDANT (Single Defendants)**))("The Committee has not used the terms confession and admission. These labels that the law gives to statements may be confusing in jury instructions. Statements is a more neutral description than confession, and should be used in its place . . . .")(internal quotation marks omitted). Ganadonegro runs a risk of drawing attention to his statements by raising the issue in voir dire and using the label confession. But the question does not seem particularly prejudicial or harmful to the United States. The Court thus will allow defense counsel to ask Question Nos. 8(b) and (i). For the reasons stated on the record at the hearing, the Court will also allow defense counsel to ask Question Nos. 2(g), 2(i), 4(d), 6(e), 6(g), 6(i), 7(g), and 7(i) without modification. This trial will delve into tough issues, and the Court does not see a problem with these questions regarding tough issues. Cf. United States v. Tsosie, No. CR 10–0773 JB, 2011 WL 2730916, at *4 (D.N.M. June 23, 2011)(allowing defense counsel to introduce his status as a former Assistant United States Attorney and his and the defendant's status as Native Americans for the limited purpose of voir dire, because "[t]he Court has also observed jurors -- some Native American -- talk about concerns regarding Native Americans drinking and driving, and heard individuals express stereotypes about Native Americans," and the defendant "should be able to explore these thoughts and beliefs").

**IT IS ORDERED** that the United States' Objections to Defendant's Proposed Voir Dire, filed August 30, 2011 (Doc. 165), are overruled in part and sustained in part in accordance with this Memorandum Opinion and Order.

                                                                             _____
                                                                             UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Presiliano Torrez
Jennifer M. Rozzoni
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Kari Converse
Brian A. Pori
  Assistant Federal Public Defenders
Albuquerque, New Mexico

    *Attorneys for the Defendant*