IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.        No. CR 09-0312 JB

KALVEST GANADONEGRO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion in Limine to Exclude Prior Argument, filed February 8, 2012 (Doc. 244)("Motion in Limine"). The Court held a hearing on February 21, 2012. The primary issues are: (i) whether the Court should prohibit Defendant Kalvest Ganadonegro from using certain portions of Plaintiff United States of America's prior argument from the previous trial in this case; and (ii) if the Court permits this evidence, whether the Court should allow the United States to use certain statements Ganadonegro's counsel made during closing argument. Because the Court's prior Memorandum Opinion and Order, filed February 14, 2012 (Doc. 258)("MOO"), resolved many of the United States' concerns regarding the use of its prior argument, and because the parties have agreed to mutually acceptable limitations on the use of the United States' prior argument, the Court will grant the Motion in Limine in part and deny the remainder of the Motion in Limine as moot. Pursuant to the parties' agreement at February 21, 2012 hearing, Ganadonegro may use two statements from the United States' prior closing argument subject to the limitations to which he agreed at the hearing. Ganadonegro may discuss the different offenses with which the United States has charged him and the respective mens rea requirements for each offense, but may not discuss the assimilation of any state law charges through federal law.

Ganadonegro may not argue that the United States was wrong about the charges on which it sought to convict Ganadonegro in the previous trial and may not mention the results of the previous trial. Additionally, as agreed upon by the parties, the United States may use the three statements it has identified that Ganadonegro's counsel made in closing argument. The limitations on the use of the United States' prior statements from closing argument that the Court imposed in its prior MOO remain in effect to the extent the parties have not already resolved the issues surrounding those limitations.

## PROCEDURAL BACKGROUND

Ganadonegro went to trial on charges of intentional child abuse, charged as first-degree murder, on September 1, 2011. See Clerk's Minutes, filed September 1, 2011 (Doc. 192). The jury hung, and the Court declared a mistrial. See Jury Notes at 2-4, filed September 13, 2011 (Doc. 194). On October 9, 2011, the United States superseded the indictment with a new one, charging three separate charges: (i) second-degree murder in violation of 18 U.S.C. § 1111; (ii) voluntary manslaughter in violation of 18 U.S.C. § 1112; and (iii) negligent child abuse resulting in death in violation of N.M.S.A. 1978, § 30-6-1(D)(1) and 18 U.S.C. §§ 13 and 1153. See Superseding Indictment at 1-2 (Doc. 201).

On February 8, 2012, the United States filed its Motion in Limine. The United States seeks to prevent Ganadonegro from making the argument, in reliance on the United States' statements from the previous trial, that "the first jury could not agree on its verdict, so the next jury should acquit." Motion in Limine at 3. The United States argues that such an argument is improper and is grounds for a mistrial. See Motion in Limine at 3-4. Alternatively, it asserts that its statements from the previous trial are inadmissible. See Motion in Limine at 4-6. It also contends that rule 403 of the Federal Rules of Evidence counsels in favor of excluding this evidence. See Motion in

Limine at 6-8. The United States argues that, if the Court permits use of its prior argument, it intends to use the following evidence and arguments at the upcoming trial: (i) statements that the alleged victim suffered from neonatal iron storage disease; (ii) statements relating that Ganadonegro unintentionally harmed the alleged victim; (iii) statements from Assistant Federal Public Defender Kari Converse at a prior motion hearing on February 2, 2012 "in which she asserted that medical records diagnosing child abuse are 'obviously referring to Mr. Ganadonegro'"; and (iv) an explanation to the jury of the grand jury process and the elements of felony murder. Motion in Limine at 8-9.

On February 14, 2012, the Court issued its MOO. The Court held that the United States' statements in the previous trial qualified as admissions by party opponents and permitted Ganadonegro to use the one statement he has informed the Court he plans to use as evidence in the upcoming trial: "[J]ustice demands that you convict him of first degree, intentional child abuse because he shook her knowingly, intentionally and willfully." MOO at 1-2, 56. The MOO stated that Ganadonegro could not in any way mention or imply that there was a previous trial or that the statement was made to a jury. See MOO at 1-2. The Court required Ganadonegro to seek the Court's permission to admit any additional statements that the United States had made from the previous trial in its opening and closing arguments. See MOO at 1-2.

On February 21, 2012, Ganadonegro filed his Defendant's Response to the Government's Motions in Limine. See Doc. 260 ("Response"). Ganadonegro asserts that the United States' Motion in Limine is now moot in light of the Court's MOO. See Response at 1. Thus, he asks the Court to deny the Motion in Limine. See Response at 1, 3.

At the hearing on February 21, 2012, Ganadonegro stated that he believed that the parties had resolved their dispute regarding the Motion in Limine in light of the Court's MOO, specifically

that the parties would not refer to there being a prior jury trial, but rather only to a prior proceeding. See Transcript of Hearing at 17:19-18:4 (taken February 21, 2012)(Pori)("Tr.").[1] The United States expressed its concern that, in light of obtaining a formal transcript of the closing arguments, which was not available until February 20, 2012, see Doc. 259, the statement Ganadonegro expressed that he earlier sought to offer at the upcoming trial does not appear in the United States' closing argument. See Tr. at 20:1-8 (Pena). Ganadonegro agreed to identify the particular statements that he intends to use and recognized that he would not seek to admit these prior statements without first seeking the Court's approval. See Tr. at 20:11-21 (Ganadonegro). The United States then read off two statements which resembled the statement Ganadonegro previously asserted that he planned to offer at the upcoming trial: (i) "The defendant did it. The defendant shook her violently and he shook her knowingly and intentionally and willfully";[2] and (ii) "[H]e picked her up and he shook her, and he did so knowingly and he did so intentionally, and he did so willfully, and it wasn't a mistake or accident."[3] See Tr. at 21:11-24 (Pena, Pori, Court). Ganadonegro agreed that he would need only these two statements. See Tr. at 21:11-25 (Pena, Pori, Court). The United States read another statement from page 25, lines 5 through 10[4] of the transcript from the closing argument, but

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

[2] Transcript of Closing Argument at 4:1 (taken September 13, 2011)(Rozzoni)(Doc. 259)("Closing Argument").

[3] Closing Argument at 23:18-21 (Rozzoni).

[4] The statement is as follows:

When the defendant picked up and shook nine-month-old Qila Smiley, not once, but twice, he knowingly caused her serious bodily injury, he knowingly and willfully engaged in child abuse, and he caused her death. She is dead because of what he did to her, and that -- and for that, ladies and gentleman, he's guilty of felony murder by

Ganadonegro asserted that he would not need this third statement. See Tr. at 22:7-19 (Pena, Pori). Ganadonegro stated that he would need more time to decide which of the first two statements would be more useful to him and would prefer to use both statements. See Tr. at 22:18-23:2 (Court, Pori). Ganadonegro noted that, if there is a statement in the closing argument to the effect that justice demands a verdict of guilty, he may seek to use that statement as well unless doing so would be cumulative. See Tr. at 23:4-8 (Pori).

The Court asked the United States whether limiting the use of statements from the prior argument to these two statements resolved the issues raised in its Motion in Limine. See Tr. at 23:9-12 (Court). The United States recognized that these two statements are less problematic, because they do not discuss felony murder -- which it asserted might confuse the jury. See Tr. at 23:13-18 (Pena). Ganadonegro stated that he has no desire to discuss felony murder before the jury. See Tr. at 23:19-21 (Pori). The United States agreed that limiting the use of its prior argument to these two statements would resolve its concern as long as there is no argument to the effect that the United States was wrong about the charges on which it sought to convict Ganadonegro in the previous trial and no mention of the result, or lack of result, in the previous trial. See Tr. at 24:2-12 (Pena). Ganadonegro agreed that he would not make these arguments and would discuss only the differences in mens rea of the charged offenses and how the United States now seeks to assimilate a state charge relating to negligent child abuse. See Tr. at 24:13-25:10 (Court, Pori, Rozzoni). The United States represented that it was amenable to Ganadonegro's proposed argument except with regard to any references to assimilation of state charges. See Tr. at 25:13-18 (Pena). Ganadonegro agreed to limit

---

perpetrating child abuse.

Closing Argument at 25:5-10 (Rozzoni).

his argument and discussion to the elements of the different charged offenses. See Tr. at 25:19-22 (Pori). The United States asserted that it may still seek to use certain statements that came out during the closing argument in the previous trial which it had specified in its Motion in Limine, specifically the statements: (i) on page 27 at lines 3 through 6 relating to medical evidence Ganadonegro had offered; (ii) on page 32 at line 20 to page 33 at line 2 relating to factual assertions regarding the date of the injury to the alleged victim; and (iii) on page 47 at line 24, which contains an assertion that no level of shaking is safe. See Tr. at 25:25-26:8 (Pena).[5] Ganadonegro asserted that he would not oppose the Court taking judicial notice of statements made in prior proceedings as long as the United States identifies the statements and he has an opportunity to know in advance what these statements are. See Tr. at 26:9-14 (Pena). Ganadonegro represented that he was able to transcribe the page and line numbers of the statements the United States seeks to use from the United States' argument before the Court. See Tr. at 26:15-20 (Court, Converse, Pori). The Court then stated that it would enter an order reflecting the agreement the parties had reached at the hearing. See Tr. at 27:12-21 (Court).

## ANALYSIS

Because the Court's prior MOO resolved many of the United States' concerns regarding the use of its prior argument, and because the parties have agreed to mutually acceptable limitations on the use of the United States' prior argument, the Court will grant the Motion in Limine in part and deny the remainder of the Motion in Limine as moot. Pursuant to the parties' agreement at the

---

[5]At the hearing on February 21, 2012, the United States did not mention or pursue its argument raised in its Motion in Limine to the effect that it seeks to admit statements from Ms. Converse made at a prior motion hearing on February 2, 2012 "in which she asserted that medical records diagnosing child abuse are 'obviously referring to Mr. Ganadonegro.'" Motion in Limine at 8-9. The Court assumes that the United States no longer seeks to present this testimony at the upcoming trial.

hearing, Ganadonegro may use two statements from the United States' prior closing argument subject to the limitations to which he agreed at the hearing. Ganadonegro may discuss the different offenses with which the United States has charged him and the respective mens rea requirements for each offense, but may not discuss the assimilation of any state law charges through federal law. Ganadonegro may not argue that the United States was wrong about the charges on which it sought to convict Ganadonegro in the previous trial and may not mention the results of the previous trial. Additionally, as agreed upon by the parties, the United States may use the three statements it has identified that Ganadonegro's counsel made in closing argument. The limitations on the use of the United States' prior statements from closing argument that the Court imposed in its prior MOO remain in effect to the extent the parties have not already resolved the issues surrounding those limitations.

**IT IS ORDERED** that the the United States' Motion in Limine to Exclude Prior Argument, filed February 8, 2012 (Doc. 244), is granted in part and denied in part as moot.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Jennifer M. Rozzoni
Jeremy Pena
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Kari Converse
Brian A. Pori
  Assistant Federal Public Defenders
Federal Public Defender's Office
Albuquerque, New Mexico

    *Attorneys for the Defendant*