# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                    No. CR 09-0312 JB

KALVEST GANADONEGRO,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defense Requested Jury Instructions, filed February 23, 2012 (Doc. 278)("Defense Proposed Instructions"); and (ii)  the Plaintiff's Objections to Defense Requested Jury Instructions, filed February 24, 2012 (Doc. 283)("Objections").  The Court heard arguments on the jury instructions on February 23, 27, 28, 29, and March 1, 2012.  The primary issues are: (i) whether the Court should submit to the jury Defendant Kalvest Ganadonegro's proposed instruction regarding the elements of Count 3 in the Superseding Indictment, filed November 9, 2011 (Doc. 201), that seeks to include the requirement that Plaintiff United States of America prove Ganadonegro both "caused and permitted" Qila Smiley's injuries, which was the way these terms appeared in the Superseding Indictment, even though the statute lists these terms in the disjunctive; (ii) whether the Court should submit Ganadonegro's requested instructions regarding evidence of his good character, and of his character for honesty and integrity; (iii) whether the Court should submit Ganadonegro's Defense Requested Instruction No. D, which discusses the conduct in which Ganadonegro has engaged that the jury may consider in arriving at its decision regarding whether Ganadonegro is guilty or not guilty; (iv) whether the Court should submit Ganadonegro's Defense Requested Instruction No. E, which

seeks to define the term intentional in the context of child abuse under New Mexico law; and (v) whether the Court should submit three instructions Ganadonegro has requested that differ from comparable pattern instructions that the Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit Jury Instruction Committee") has already provided.  The Court will grant the request to submit Ganadonegro's proposed jury instructions in part and deny it in part.  The Court will sustain the United States' objections in part and overrule the United States' remaining objections as moot.  Because the United States may permissibly submit to the jury an instruction for a charged offense using a term in the disjunctive when the indictment charges in the conjunctive, as long as the statute uses the terms disjunctively, the Court will not submit to the jury Ganadonegro's proposed instruction for Count 3.  Because the United States has represented that it does not object to Ganadonegro's instructions regarding character evidence if Ganadonegro presents this evidence at trial, and because Ganadonegro has presented character evidence at trial, the Court will submit these proposed instructions regarding character evidence.  Because the United States represents that it has no opposition to Defense Requested Instruction No. D, the Court will submit this instruction to the jury.  Because the Tenth Circuit Jury Instruction Committee has provided pattern instructions analogous to Ganadonegro's final three proposed instructions, and because Ganadonegro's instructions either provide no additional language in comparison to those instructions that is not cumulative, or would risk having the Court improperly comment on the weight of certain evidence or focus unduly on certain issues, the Court will not submit these three proposed instructions to the jury.

## PROCEDURAL BACKGROUND

Ganadonegro went to trial on charges of intentional child abuse, charged as first-degree murder, on September 1, 2011.  See Clerk's Minutes, filed September 1, 2011 (Doc. 192).  The jury

hung, and the Court declared a mistrial.  See Jury Notes at 2-4, filed September 13, 2011 (Doc. 194).

On October 9, 2011, the United States superseded the indictment with a new one, charging three

separate charges: (i) second-degree murder in violation of 18 U.S.C. § 1111; (ii) voluntary

manslaughter in violation of 18 U.S.C. § 1112; and (iii) negligent child abuse resulting in death in

violation of N.M.S.A. 1978, § 30-6-1(D)(1) and 18 U.S.C. §§ 13 and 1153.  See Superseding

Indictment at 1-2.

On February 23, 2012, the parties submitted a joint set of proposed instructions.  See Joint

Requested Jury Instructions (Doc. 276).  On February 23, 2012, the United States submitted its

United States' Requested Jury Instructions.  See Doc. 277 ("USA Instruction").  The USA

Instruction contains only one instruction, which sets out the elements, definitions, and other

instructions for Count 3 in the Superseding Indictment.  See USA Instruction at 2.  On February 23,

2012, Ganadonegro filed his Defense Proposed Instructions.  The Defense Proposed Instructions

contain a total of eight proposed instructions.  See Defense Proposed Instructions at 3-11.

Defense Requested Instruction No. A differs from the United States' proposed instruction

encompassing Count 3 in two ways.  First, Defense Requested Instruction No. A contains language

in the first element stating that the jury must find "Mr. Ganadonegro caused and permitted. [sic] Qila

Smiley to be placed in a situation which endangered the life or health of Qila Smiley," Defense

Proposed Instructions at 3, while the USA Instruction omits the language "and permitted" and just

uses the term "caused," USA Instruction at 2.  Second, Defense Requested Instruction No. A

contains language to the effect that "Mr. Ganadonegro's actions or failure to act resulted in the death

of Qila Smiley," Defense Proposed Instructions at 3, while the USA Instruction omits the language

"or failure to act" and just uses the term "actions," USA Instruction at 2.  Defense Requested

Instruction Nos. B and C would have the Court inform the jury how they should consider evidence

of Ganadonegro's character traits, specifically his general good character and his character for honesty and integrity.  <u>See</u> Defense Proposed Instructions at 4-5 (citing Tenth Circuit Pattern Jury Instructions Criminal §§ 1.09-.09.1, at 19, 21 (2011)).  Defense Requested Instruction No. D informs the jury what conduct in which Ganadonegro has engaged that it may consider in determining Ganadonegro's guilt or innocence in conformity with Tenth Circuit Pattern Jury Instructions Criminal § 1.19.  <u>See</u> Defense Proposed Instructions at 6 (citing Tenth Circuit Pattern Jury Instructions Criminal § 1.19 (Caution -- Consider Only Charged Crime)).  Defense Requested Instruction No. E seeks to define intentional in the context of child abuse as reflected by New Mexico law.  <u>See</u> Defense Proposed Instructions at 7 (citing <u>State v. Schoonmaker</u>, 136 N.M. 749, 758, 105 P.3d 302, 311 (Ct. App. 2004), <u>rev'd on other grounds</u> 143 N.M. 373, 176 P.3d 1105 (2008)).  Defense Requested Instruction No. F provides an instruction defining the term "inference" and asks the Court to instruct the jury how to consider inferences in the context of a trial.  Defense Proposed Instructions at 8.  Defense Requested Instruction No. G would instruct the jury on how to weigh the testimony of witnesses, including an instruction not to give too much weight to one side's case if it calls more witnesses than the other.  <u>See</u> Defense Proposed Instructions at 10.  Defense Requested Instruction No. H proposes that the Court instruct the jury on how to weigh the testimony of law enforcement officers and that the jury should not give undue weight to their testimony.  <u>See</u> Defense Proposed Instructions at 11.

        At the hearing on February 23, 2012, the Court asked the parties to clarify their disagreement about the jury instruction relating to Count 3.  <u>See</u> Transcript of Hearing at 7:15-19 (taken February 23, 2012)(Court)("Feb. 23, 2012 Tr.").[1]  The parties clarified that they primarily dispute the first

---

        [1]The Court's citations to the transcripts of the hearings and the trial refer to the court reporter's original, unedited versions.  Any final transcripts may contain slightly different page

element in the instruction.  See Feb. 23, 2012 Tr. at 7:20-8:10 (Rozzoni, Court, Converse).  The United States represented that it does not intend to pursue a theory that Ganadonegro permitted someone else to commit child abuse and thus has no desire to include this language in the jury charge.  See Feb. 23, 2012 Tr. at 7:20-8:3 (Rozzoni).  Ganadonegro stated that he prefers that the language in the charge reflect the language in the Superseding Indictment.  See Feb. 23, 2012 Tr. at 8:6-9 (Rozzoni, Converse).  Ganadonegro stated that he wants the additional language about permitting child abuse to appear in the jury charge, because he believes that this theory is another one that the United States seeks to pursue and he has prepared to respond to this theory.  See Feb. 23, 2012 Tr. at 8:13-22 (Converse).  The Court inquired why he would want that language in the charge when the United States is not pursuing that theory.  See Feb. 23, 2012 Tr. at 8:11-25 (Court, Converse).  Ganadonegro responded that the United States has charged the crime in this manner and must prove the crime it charged.  See Feb. 23, 2012 Tr. at 9:1-9 (Converse).  Ganadonegro argues that the USA Instruction impermissibly varies from the Superseding Indictment.  See Feb. 23, 2012 Tr. at 9:16-21 (Converse).  The Court asked whether Ganadonegro seeks some benefit in arguing to the jury that the United States has charged the crime in this manner.  See Feb. 23, 2012 Tr. at 10:1-5 (Converse).  Ganadonegro asserted that the United States chose to charge the crime in the conjunctive and cannot now pursue the charge disjunctively.  See Feb. 23, 2012 Tr. at 11:10-21 (Converse).  He also argued that the United States' conduct assists him in arguing that the United States has no idea what has happened and has been inconsistent in its position throughout this case.  See Feb. 23, 2012 Tr. at 12:1-4 (Converse).  The Court expressed its reservations about giving the jury an instruction on this issue when there is no evidence to support that instruction.  See Feb. 23,

_____

and/or line numbers.

2012 Tr. at 12:5-11 (Court).

On February 24, 2012, the United States filed its Objections. The United States objects to Defense Requested Instruction No. A, asserting that it may properly submit to the jury a charge containing only one term from a disjunctive phrase when the statute defining the offense is in the disjunctive, even if the Superseding Indictment charges the crime in the conjunction. See Objections at 1. The United States objects to Ganadonegro's instructions regarding character evidence, but asserts that it will withdraw the objections when he introduces character evidence. See Objections at 2. The United States raises no objection to Defense Requested Instruction No. D. The United States objects to Defense Requested Instruction No. E, because "it defines a term ('intentionally') that does not appear in the elements instruction regarding child abuse." Objections at 2. Alternatively, it argues that Defense Requested Instruction No. E improperly defines the term as it applies under New Mexico law. See Objections at 2. The United States objects to Defense Requested Instructions Nos. F, G, and H, because the Tenth Circuit Jury Instruction Committee has provided a pattern instruction for these matters and Ganadonegro's proposed instructions conflict with the pattern instructions. See Objections at 2.

Before the trial began on February 27, 2012, the Court informed the parties that it had concluded that the United States may permissibly phrase the jury instructions as to Count 3 in the manner it has chosen to do so. See Trial Transcript at 2:22-4:5 (taken February 27, 2012)(Court)("Feb. 27, 2012 Tr."). The Court stated that, even when an indictment is phrased in the conjunctive, the United States may permissibly proceed on a disjunctive theory as long as the statute is disjunctive. See Feb. 27, 2012 Tr. at 2:22-4:5 (Court). During the trial on February 28, 2012, Ganadonegro elicited opinion and reputation testimony regarding Ganadonegro's character for honesty and peacefulness. See Trial Transcript at 227:15-228:7 (taken February 28, 2012)(Pori,

Cleveland)("Feb. 28, 2012 Trial Tr.").

## LAW REGARDING JURY INSTRUCTIONS

With regard to jury instructions, the Tenth Circuit has held: "We do not require perfection, but we must be satisfied that, upon hearing the instructions, the jury understood the issues to be resolved and its duty to resolve them." Gonzales v. Duran, 590 F.3d 855, 859 (10th Cir. 2009). "An erroneous jury instruction requires reversal 'only if the error is determined to have been prejudicial, based on a review of the record as a whole.'" Sherouse v. Ratchner, 573 F.3d 1055, 1059-60 (10th Cir. 2009)(quoting Durflinger v. Artiles, 727 F.2d 888, 895 (10th Cir. 1984)). See Townsend v. Lumbermens Mut. Cas. Co., 294 F.3d 1232, 1242 (10th Cir. 2002)("A faulty jury instruction requires reversal when (1) we have substantial doubt whether the instructions, considered as a whole, properly guided the jury in its deliberations; and (2) when a deficient jury instruction is prejudicial." (citations omitted)(internal quotation marks omitted)). The inquiry is "not whether the instruction was completely faultless, but whether the jury was misled in any way." Coleman v. B-G Maint. Mgmt. of Colo., Inc., 108 F.3d 1199, 1202 (10th Cir. 1997).

In cases where the district court has given a legally erroneous jury instruction, and where the jury might have based its verdict thereon, prejudice exists, and reversal is required. See Adams-Arapahoe Joint Sch. Dist. No. 28-J v. Cont'l Ins. Co., 891 F.2d 772, 779-80 (10th Cir. 1989)(finding prejudice that required reversal where (a) a jury instruction incorrectly placed the burden of proof on the defendant rather than the plaintiff and (b) the jury might have based its verdict thereon); Guidance Endodontics, LLC v. Dentsply Int'l, Inc., No. 08-1101, 2011 WL 1330781, at *10-11 (D.N.M. Mar. 30, 2011)(Browning, J.). Since Adams-Arapahoe Joint School District No. 28-J v. Continental Insurance Co., the Tenth Circuit has repeatedly restated this formulation. See, e.g., Level 3 Commc'ns, LLC v. Liebert Corp., 535 F.3d 1146, 1159 (10th Cir. 2008)("Where an

appellate court determines that the district court has given a legally erroneous jury instruction, the judgment must be reversed if the jury <u>might</u> <u>have</u> based its verdict on the erroneously given instruction." (emphasis added)(internal quotation marks omitted)); <u>Wankier v. Crown Equip. Corp.</u>, 353 F.3d 862, 867 (10th Cir. 2003)("Where an appellate court determines that the district court has given a legally erroneous jury instruction, the judgment must be reversed 'if the jury might have based its verdict on the erroneously given instruction.'"); <u>Townsend v. Lumbermens Mut. Cas. Co.</u>, 294 F.3d at 1242 (same); <u>Coleman v. B-G Maint. Mgmt. of Colo., Inc.</u>, 108 F.3d at 1202 (same); <u>City of Wichita v. U.S. Gypsum Co.</u>, 72 F.3d 1491, 1495 (10th Cir. 1996)(same); <u>SEC v. Peters</u>, 978 F.2d 1162, 1167 (10th Cir. 1992)(same).

Most recently, the Tenth Circuit explained further that "[t]he might have threshold, as its language suggests, requires reversal even if that possibility is <u>very</u> <u>unlikely</u>.  Only when the erroneous instruction could not have changed the result of the case can we say the error is harmless and does not require reversal."  <u>Level 3 Commc'ns, LLC v. Liebert Corp.</u>, 535 F.3d at 1158 (emphasis in original)(citations omitted)(internal quotation marks omitted).  In <u>Wankier v. Crown Equipment Corp.</u>, for example, the district court declined to instruct the jury that the plaintiff in a products liability action bore the burden of showing that an alternative, safer design was available. <u>See</u> 353 F.3d at 868.  The Tenth Circuit found that "there is no doubt that the erroneous instruction regarding Plaintiff's burden to show a safer alternative design may have misled the jury."  353 F.3d at 868.  Accordingly, the jury verdict in <u>Wankier v. Crown Equipment Corp.</u> was reversed, and the judgment entered thereon was vacated.  <u>See</u> 353 F.3d at 868.

<u>Level 3 Communications, LLC v. Liebert Corp.</u> involved a contract dispute where the district court instructed the jury that the contract at issue was not ambiguous as a matter of law.  <u>See</u> 535 F.3d at 1153.  After reaching the opposite conclusion -- that the contract was ambiguous as a matter

-8-

of law -- on appeal, the Tenth Circuit recognized that the district court had given a legally erroneous instruction and held: "To conclude the error is not harmless, we must determine the error might have affected the jury's verdict."  535 F.3d at 1158-59.  The Tenth Circuit held that, with its erroneous instruction, "the district court virtually assured that the jury would find for Level 3 on the breach of contract claim."  535 F.3d at 1159.  The Tenth Circuit therefore reversed and remanded the case for a new trial.  See 535 F.3d at 1161.

In contrast to both Wankier v. Crown Equipment Corp. and Level 3 Communications, LLC v. Liebert Corp., the Tenth Circuit found reversal was not required despite erroneous instructions in at least two recent cases.  In Sherouse v. Ratchner, 573 F.3d 1055 (10th Cir. 2009), a case involving claims that police officers violated the civil rights of two young women suspected of robbery, the district court instructed the jury that "[a] police officer's probable cause determination is not negated if the officer reasonably but mistakenly believed that probable cause existed at the time of arrest."  573 F.3d at 1059.  The Tenth Circuit found this instruction to be legally incorrect, because, "[w]hile an officer's reasonable but mistaken understanding of the facts justifying a search or seizure does not negate the legitimacy of a probable cause determination, an officer's reasonable but mistaken understanding of the applicable law he is enforcing does."  573 F.3d at 1059.  Despite the erroneous instruction, the Tenth Circuit found no prejudice, because the only evidence as to any mistake in the case was the officer's misidentification of the plaintiffs -- a mistake of fact -- and "the plaintiffs [did] not identif[y] any misinterpretation of law that could have been pertinent to the officers' actions."  573 F.3d at 1060.

The Tenth Circuit similarly declined to reverse the district court's judgment despite a legally erroneous jury instruction in Gonzales v. Lopez, 590 F.3d 855 (10th Cir. 2009).  In that case, the Tenth Circuit found the district court's instructions on qualified immunity were incorrect, but

deemed the error harmless, because the special interrogatories to the jury revealed that the jury intended to find for the defendants on the merits of the case, without the need to consider the affirmative defense of qualified immunity.  <u>See</u> 590 F.3d at 862.

<u>ANALYSIS</u>

Because the United States may permissibly submit to the jury an instruction for a charged offense using a term in the disjunctive when the indictment charges in the conjunctive, as long as the statute uses the terms disjunctively, the Court will not submit to the jury Ganadonegro's proposed instruction for Count 3.  Because the United States has represented that it does not object to Ganadonegro's instructions regarding character evidence if Ganadonegro presents this evidence at trial, and because Ganadonegro has presented character evidence at trial, the Court will submit these proposed instructions regarding character evidence.  Because the United States represents that it has no opposition to Defense Requested Instruction No. D, the Court will submit this instruction to the jury.  Because the Tenth Circuit Jury Instruction Committee has provided pattern instructions analogous to Ganadonegro's final three proposed instructions, and because Ganadonegro's instructions either provide no additional language in comparison to those instructions that is not cumulative, or would risk having the Court improperly comment on the weight of certain evidence or focus unduly on certain issues, the Court will not submit these three proposed instructions to the jury.

I.      **SUBMITTING THE UNITED STATES' PROPOSED INSTRUCTION FOR COUNT 3 IS APPROPRIATE, BECAUSE THE STATUTE UPON WHICH THE COUNT IS BASED IS DISJUNCTIVE.**

The Tenth Circuit has held that "[i]t is permissible for an indictment to use the word 'and' although the statute employs the word 'or.'"  <u>United States v. Powell</u>, 226 F .3d 1181, 1192 n.4 (10th Cir. 2000)(citing <u>United States v. Daily</u>, 921 F.2d 994, 1001 (10th Cir. 1991)).  The Tenth

-10-

Circuit has described it as "hornbook law that a crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive." United States v. Powell, 226 F.3d 1181, 1192 (10th Cir. 2000)(quoting United States v. Gunter, 546 F.2d 861, 868-69 (10th Cir. 1976)).  Accord United States v. Lott, 310 F.3d 1231, 1246 (10th Cir. 2002)(reviewing the sufficiency of evidence to see if either alternate theory would have supported a conviction in a case in which the indictment was worded in the conjunctive and the charging statute was worded in the disjunctive); United States v. Perea, No. 09-1034, 2010 WL 2292937, at *8 (D.N.M. May 21, 2010)(Browning, J.); United States v. Vigil, 478 F.Supp.2d 1285 (D.N.M. 2007)(Browning, J.).  Other Circuit Courts of Appeals that have considered this issue are in accord. See United States v. Coriaty, 300 F.3d 244, 250 (2d Cir. 2002)("The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged." (quoting Turner v. United States, 396 U.S. 398, 420 (1970))); United States v. Arlt, 15 F.App'x 431, 436 (9th Cir. 2001)(unpublished)(indicating that the district court's jury instructions "properly tracked the language of the statute" and holding "[a] jury may convict on a finding of any of the elements of a disjunctively defined offense, despite the grand jury's choice of conjunctive language in the indictment"); United States v. Poarch, 878 F.2d 1355, 1358 (11th Cir. 1989)(stating that when a criminal statute provided for alternate means of violation, and the grand jury returned an indictment with conjunctive language, "the government obtained a more difficult indictment than it was required to by the statute," and "the government need only show that one of those acts was committed in order to prove guilt").

There are sound reasons for the United States to use the conjunctive form rather than the disjunctive when it drafts an indictment for the grand jury.  If the indictment used the disjunctive,

the Court and the parties would not have confidence that the grand jury had, based on the disjunctive "or," found probable cause to support a charge on each of the disjunctive terms. The conjunctive form eliminates this potential problem. Indeed, submitting a indictment with disjunctive language to the grand jury creates a risk that no member of the grand jury voted for the indictment to issue on one of the two disjunctive theories in a particular count. As the Court explained in a prior case:

> There is also no argument that the grand jury did not consider the proper elements. By charging in the conjunctive, the grand jury found that there is probable cause that Patterson satisfied more elements that the United States intends to prove. Patterson cannot therefore contend that the grand jury did not consider the element that the United States intends to prove.

United States v. Patterson, 760 F.Supp.2d 1116, 1127 n.6 (D.N.M. 2009)

Accordingly, based on these authorities, the United States has properly omitted the language "and permitted" from its proposed instruction, even though that language appears in the Superseding Indictment. The statute under which it seeks to charge Ganadonegro uses the terms "caused or permitted" disjunctively. See N.M.S.A. 1978, § 30-6-1(D)(1) ("Abuse of a child consists of a person knowingly, intentionally or negligently, and without justifiable cause, causing or permitting a child to be: (1) placed in a situation that may endanger the child's life or health . . . ." (emphasis added)). Likewise, the applicable New Mexico Uniform Jury Instructions have two separate instructions for a person negligently causing child abuse and a person negligently permitting child abuse, further supporting that it is proper to omit either one of these terms, caused or permitted, under the applicable statute. See N.M.R.A. 14-602 UJI (2011)("**Child abuse; intentional act or negligently 'caused'; great bodily harm; essential elements.**"); id. 14-603 ("**Child abuse; negligently 'permitting' child abuse; [with great bodily harm [without great bodily harm]; essential elements.**"). Likewise, the other difference between the United States' and Ganadonegro's proposed instruction is the use of the language "or failure to act," which the applicable New Mexico

jury instruction states is optional language depending on which scenario is applicable.  See N.M.R.A. 14-602 UJI & n.2 ("Use only applicable alternative or alternatives.").  Consequently, the Court will use the United States' version of this instruction, because the United States has represented that it will present no evidence to the jury on a theory that Ganadonegro permitted someone else to harm Qila Smiley and because it may permissibly seek a disjunctive instruction. See United States v. Powell, 226 F.3d at 1192.  There is no sound reason to submit a theory to the jury on which the United States will present no evidence.  The Court is effectively granting a directed verdict in Ganadonegro's favor on this part of the Superseding Indictment by not presenting this language to the jury.  The Court will read the Superseding Indictment to the jury, so that language in the Superseding Indictment will be before the jury and Ganadonegro may refer to it. Ganadonegro may, to highlight the inconsistency, point out the differences in language as they relate to the instructions, but may not discuss the charging procedures that a grand jury follows.[2]  The Court will sustain the United States' objection to Defense Requested Instruction No. A.

## II.   THE COURT WILL OVERRULE AS MOOT THE UNITED STATES' OBJECTIONS TO DEFENSE REQUESTED INSTRUCTIONS NOS. B AND C ON CHARACTER EVIDENCE.

During the trial on February 28, 2012, Ganadonegro elicited opinion and reputation testimony regarding Ganadonegro's character for honesty and peacefulness.  See Feb. 28, 2012 Trial Tr. at 227:15-228:7 (Pori, Cleveland).  The United States represented that it would withdraw its

---

[2]At a prior hearing addressing matters unrelated to jury instructions, the United States asserted that it would prefer that the Court not permit Ganadonegro to present evidence or argue about the United States' charging policies in criminal cases or about the grand jury process, because the United States might then have to rebut that evidence or explain the grand jury process to the jury. See Transcript of Hearing at 60:15-21 (taken February 2, 2012)(Pena)("Feb. 2, 2012 Tr.").  Ganadonegro agreed that he would not discuss these matters to avoid potential confusion.  See Feb. 2, 2012 Tr. at 61:5-62:2 (Pori).

-13-

objections to Defense Requested Instruction Nos. B and C if Ganadonegro presented character evidence at trial. Because Ganadonegro has presented this evidence, the Court will consider the objections withdrawn and will overrule the objections to these to instructions as moot.

## III.  THE COURT WILL INCLUDE DEFENSE REQUESTED INSTRUCTION NO. D IN THE JURY CHARGE.

The United States represents that is has no objection to Defense Requested Instruction No. D. The language of this proposed instruction tracks Tenth Circuit Pattern Jury Instructions Criminal § 1.19, and the Court otherwise believes the instruction is appropriate to guide the jury in what conduct they may consider when arriving at their verdict. Consequently, the Court will include this instruction in the jury charge.

## IV.  THE COURT WILL SUSTAIN THE UNITED STATES' OBJECTION TO DEFENSE REQUESTED INSTRUCTION NO. E.

Defense Requested Instruction No. E seeks to define intentional in the context of child abuse as reflected by New Mexico law. See Defense Proposed Instructions at 7 (citing State v. Schoonmaker, 136 N.M. at 758, 105 P.3d at 311). The United States objects that nothing in Count 3, the only offense that charges a crime under New Mexico state law, refers to intentional conduct. The Court agrees. Count 3 provides:

> On or about November 21, 2008, in Indian Country, in Socorro County, in the District of New Mexico, the defendant, **KALVEST GANADONEGRO**, an Indian, did negligently, and without justifiable cause, cause and permit Jane Doe, a child born January 29, 2008, to be placed in a situation that may have endangered Jane Doe's life and health, which resulted in Jane Doe's death, and knew and should have known of the danger involved and acted with a reckless disregard of Jane Doe's safety and health.

Superseding Indictment at 2. Count 3 refers to negligent conduct and to acting with reckless disregard. Nothing in Count 3 refers expressly to intentional conduct. While Counts 1 and Count 2 refer to intentional conduct, they each charge offenses under federal law and not under New

-14-

Mexico law.  See Superseding Indictment at 1.  Specifically, the Superseding Indictment charges

in Counts 1 and 2: (i) second-degree murder in violation of 18 U.S.C. § 1111; and (ii) voluntary

manslaughter in violation of 18 U.S.C. § 1112.  See Superseding Indictment at 1.

A party is generally entitled to a jury instruction on an issue when both the evidence and the

law support submitting the instruction to the jury.  See United States v. Protex Indus., Inc., 874 F.2d

740, 745 (10th Cir. 1989)("If the issue was properly raised, defendant was entitled to a specific jury

instruction on that defense if the instruction was at all supported by the evidence and the law.").

Here, while the evidence might support that Ganadonegro did not act intentionally, the applicable

law does not support giving such an instruction, because there is no charge of intentional child abuse

under N.M.S.A. 1978, § 30-6-1 in the Superseding Indictment.  If the United States had charged the

offense of intentional child abuse under this statute, conduct which the statute makes a criminal

offense, see N.M.S.A. 1978, § 30-6-1 ("Abuse of a child consists of a person knowingly,

intentionally or negligently, and without justifiable cause, causing or permitting a child to be: (1)

placed in a situation that may endanger the child's life or health . . . ."), then such an instruction

defining intentionally under New Mexico law might be appropriate, see United States v. Protex

Indus., Inc., 874 F.2d at 745.  Under the charges contained in the Superseding Indictment, there is

no need to define intentionally under New Mexico law, and it would not be proper to submit the

theory to the jury when the grand jury did not consider it.  See United States v. Hien Van Tieu, 279

F.3d 917, 921 (10th Cir. 2002)(constructive amendments to an indictment, prohibited by the Fifth

and Sixth Amendments, occur "when the Government, through evidence presented at trial, or the

district court, through instructions to the jury, broadens the basis for a defendant's conviction

beyond acts charged in the indictment").  Thus, the Court will sustain the United States' objection

to this instruction.

V.      **THE COURT WILL SUSTAIN THE OBJECTIONS TO DEFENSE REQUESTED
        INSTRUCTIONS NOS. F, G, AND H.**

Absent persuasive justifications, the Court is not inclined to vary from pattern instructions the Tenth Circuit Jury Instruction Committee has provided.  See United States v. Moss, 756 F.2d 329, 334 n.1 (4th Cir. 1985)("In this case the variance was merely grammatical and therefore not sufficient to require reversal.  But we suggest that . . . district courts should accurately replicate the pattern jury instruction used to avoid any unnecessary confusion.").  Varying from a pattern instruction without a persuasive justification may inject otherwise avoidable problems into the trial process and can generate additional issues on appeal that could have easily been avoided.  See United States v. Moss, 756 F.2d at 334 n.1.  The Tenth Circuit Jury Instruction Committee has gone through the process of formulating pattern instructions, and the Court is not inclined to vary from them when a party has raised no sound basis for doing so.

Defense Requested Instruction No. F varies significantly from Tenth Circuit Pattern Jury Instructions Criminal § 1.07, which defines inferences and discusses circumstantial evidence.  The Court has compared the requested instruction and the pattern instruction, and sees no deficiencies in the pattern instruction or other matters that require supplementation in the pattern instruction. There is no persuasive justification for following Ganadonegro's proposed instruction.  Varying from pattern instructions without a persuasive justification eliminates the benefits of predictability and uniformity that the pattern instructions provide.   Additionally, Ganadonegro's proposed instruction assembles a variety of language from case law -- language that is directed at lawyers rather than lay persons.  See Defense Proposed Instructions at 8-9.  The Tenth Circuit Jury Instruction Committee acknowledged this danger of assembling instructions from language in cases when it stated: "The Committee does not recommend the use of language lifted from cases when

drafting instructions.  Case law employs language written for lawyers, not for jurors.  The Committee recommends drafting instructions in plain English."  Tenth Circuit Pattern Jury Instructions Criminal introductory note.

Defense Requested Instruction No. G largely parallels Tenth Circuit Pattern Jury Instructions Criminal § 1.08.  After a lengthy discussion of how to evaluate the credibility of witnesses generally, the pattern instruction provides: "In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other."  Tenth Circuit Pattern Jury Instructions Criminal § 1.08, at 16-17. The requested instruction is as follows:

> Your decision should not be determined by the number of witnesses testifying for or against a party.  You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

Defense Proposed Instructions at 10.  In light of the lengthy discussion the pattern instruction provides about evaluating the credibility of witnesses, and because the pattern instruction informs jurors that they should not make their decision on the basis that one side had more witnesses than another, the Court does not believe a variance from the pattern instruction is warranted.  The proposed instruction is cumulative.

Defense Requested Instruction No. H instructs the jury on how to evaluate the testimony of law enforcement officers.  While the Tenth Circuit pattern instructions contain no comparable instruction, they provide a general instruction that instructs jurors on how to weigh witnesses' credibility.  See Tenth Circuit Pattern Jury Instructions Criminal § 1.08, at 16-17.  The Court believes that Defense Requested Instruction No. H is not sufficiently neutral and is too close to a comment on the weight of certain evidence to justify a variance from the pattern instructions.  The

-17-

proposed instruction refers to directly to the credibility of law enforcement officers and thus draws unnecessary attention to these witnesses' credibility. While district court judges are not forbidden from commenting on the weight of the evidence, they should avoid doing so to prevent their comments from improperly swaying the jury. See United States v. MacKay, 491 F.2d 616, 622 (10th Cir. 1973)("While this comment did not serve any purpose and was undoubtedly intended to be humorous, we fail to see it as being prejudicial to the rights of the accused. If, of course, the judge had evidenced hostility or bias the question would assume different proportions."). As the Tenth Circuit has explained:

> [T]he trial judge has the right to analyze and classify with fairness the evidence on both sides, and otherwise aid the jury in its consideration; and as long as he makes it clear that the jury has the exclusive right to decide the facts, he may comment on the weight of the evidence, although he should not argue the case.

Coulston v. United States, 51 F.2d 178, 180 (10th Cir. 1931). Jurors take instructions that come from the Court seriously, and the risk of improperly swaying the jury would be too high if the Court gave the jurors this instruction. The Court tries, in its jury instructions, not to put its thumb on the scales, or highlight or comment on any particular evidence. The Court also does not like to include abstract propositions of law covering specific areas that the pattern instructions adequately, if generally, cover. The Court likes for its jury instructions to tell jurors what they might not know and to give the jury the tools it needs to do its job. These instructions do not provide the jury with information that it needs to do its job. They are more instructions that Ganadonegro wants to hear the Court say to the jury, rather than his lawyer having to argue their equivalent to the jury in closing argument. The Court will leave the additional comments contained in these proposed instructions for Ganadonegro's counsel to communicate to the jury during closing argument. Thus, the Court will sustain the United States' objections to Defense Requested Instruction Nos. F, G, and H.

**IT IS ORDERED** that the Court will include in the jury charge Defense Requested Instructions Nos. B, C, and D contained in the Defense Requested Jury Instructions, filed February 23, 2012 (Doc. 278).  The Court will sustain the Plaintiff's Objections to Defense Requested Jury Instructions, filed February 24, 2012 (Doc. 283), as to the other five Defense Requested Instructions and overrule the remaining objections as moot.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Jennifer M. Rozzoni
Jeremy Pena
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Kari Converse
Brian A. Pori
  Assistant Federal Public Defenders
Federal Public Defender Office
District of New Mexico
Albuquerque, New Mexico

*Attorneys for the Defendant*