# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                          No. CR 09-0312 JB

KALVEST GANADONEGRO,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Defendant's oral request to be left on release following the jury trial that ended on March 6, 2012. The Court heard this matter on March 6, 2012 following the return of the jury's verdict. <u>See</u> Redacted Jury Verdict, filed March 6, 2012 (Doc. 306). The primary issues are: (i) whether the Court has authority, under 18 U.S.C. § 3145(c), to release an individual convicted of a crime of violence before sentencing but after a guilty verdict, where there is little likelihood that the Court will grant a motion for acquittal or new trial, and where Plaintiff United States of America intends to seek incarceration for the individual; and (ii) whether exceptional reasons exist to warrant releasing Defendant Kalvest Ganadonegro before sentencing. The Court will deny the request to release Ganadonegro pursuant to 18 U.S.C. § 3145. While the Court has authority to release Ganadonegro under 18 U.S.C. § 3145 if exceptional reasons exist, even though there is little likelihood that the Court will grant a motion for acquittal or new trial, and where the United States intends to seek incarceration for the individual, the Court does not believe that Ganadonegro has presented or that this case presents any exceptional reasons warranting his release.

## PROCEDURAL BACKGROUND

Ganadonegro went to trial on charges of intentional child abuse, charged as first-degree murder, on September 1, 2011. See Clerk's Minutes, filed September 1, 2011 (Doc. 192). The jury hung, and the Court declared a mistrial. See Jury Notes at 2-4, filed September 13, 2011 (Doc. 194). On October 9, 2011, Plaintiff United States of America superseded the indictment with a new one, charging three separate charges: (i) second-degree murder in violation of 18 U.S.C. § 1111; (ii) voluntary manslaughter in violation of 18 U.S.C. § 1112; and (iii) negligent child abuse resulting in death in violation of N.M.S.A. 1978, § 30-6-1(D)(1) and 18 U.S.C. §§ 13 and 1153. See Superseding Indictment at 1-2.

The second trial began on February 27, 2012, the Court presented its charge to the jury on March 5, 2012, and the jury returned its verdict on March 6, 2012. See Redacted Jury Verdict at 1. The jury acquitted Ganadonegro of the second-degree murder charge in Count 1 of the Superseding Indictment and acquitted him of the charge of negligent child abuse resulting in death contained in Count 3 of the Superseding Indictment. See Redacted Jury Verdict at 1. The jury convicted Ganadonegro of Count 2 for voluntary manslaughter. See Redacted Jury Verdict at 1.

Once the Court accepted the jury's verdict, the United States moved to detain Ganadonegro on the basis that he has now been convicted of a crime of violence. See Trial Transcript at 11:17-12:19 (taken March 6, 2012)(Court, Rozzoni)("Tr.").[1]   The Court inquired whether it has any discretion on this issue of detention. See Tr. at 12:20-21 (Court). The United States responded that the Court does not have discretion. See Tr. at 12:22-23 (Rozzoni). Ganadonegro asserted that the Court has discretion to release him if he can satisfy the requirements under 18 U.S.C. § 3143 or

_____

[1]The Court's citations to the transcript of the trial refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

-2-

under 18 U.S.C. § 3145. <u>See</u> Tr. at 12:25-13:15 (Converse). Ganadonegro emphasized his compliance during his pretrial release and his lack of criminal history. <u>See</u> Tr. at 13:16-22 (Converse). He asserted that there are no circumstances, other than the jury verdict against him arising out of these charges, that indicate he would be a flight risk or a danger to society. <u>See</u> Tr. at 13:16-14:5 (Converse). He contended that he has already suffered an extraordinary amount during this case, that he will lose his freedom for at least approximately a decade, and that his family has suffered greatly from this process. <u>See</u> Tr. at 14:6-11 (Converse). He requested that the Court permit him to return to a halfway house rather than incarcerate him pending sentencing. <u>See</u> Tr. at 14:12-24 (Converse).

The United States countered that it does not believe that extraordinary circumstances are present in this case. <u>See</u> Tr. at 15:10-22 (Rozzoni). It emphasized that this case has been pending for a long period of time, and up until this time, Ganadonegro has denied any wrongdoing. <u>See</u> Tr. at 15:10-22 (Rozzoni). It noted that there is a reason that courts do not have discretion to release defendants for some offenses, because those offenses, such as voluntary manslaughter, are serious in nature. <u>See</u> Tr. at 15:10-22 (Rozzoni). The Court asked the parties what, as the courts have interpreted the phrase, constitutes exceptional reasons under 18 U.S.C. § 3145. <u>See</u> Tr. at 16:10-20 (Court). The United States asserted that Ganadonegro would have the burden to show that there was an exceptional reason for release. <u>See</u> Tr. at 16:21-23 (Rozzoni). The United States asserted that it is not familiar with how courts have interpreted this provision regarding exceptional reasons. <u>See</u> Tr. at 17:1-5 (Rozzoni). The Court inquired whether 18 U.S.C. § 3145(c) is applicable to the current situation, because the provision refers to appeals. <u>See</u> Tr. at 17:6-11 (Court). The United States represented that it was unsure whether this provision would apply. <u>See</u> Tr. at 17:12-17 (Rozzoni). Ganadonegro conceded that the statute is not a model of clarity, but asserted that other courts have

-3-

used this provision in circumstances where there was no appeal.  See Tr. at 17:23-25 (Converse).

The Court inquired whether the local judges have used this statute in this manner recently, since the

United States Attorney's Office has insisted on strict compliance with the requirements of 18 U.S.C.

§ 3143(a)(2) for crimes of violence, and Ganadonegro asserted that they have.  See Tr. at 18:1-22

(Court, Converse).  Ganadonegro noted that he has been facing a potential life sentence in this

matter, which he emphasized has been pending for approximately three and a half years, and has not

made any attempt to flee.  See Tr. at 18:23-19:5 (Converse).  Ganadonegro conceded that he has

been convicted of a crime of violence for purposes of 18 U.S.C. § 3443(a)(2).  See Tr. at 21:6-8

(Court, Pori).

## LAW REGARDING RELEASE PENDING SENTENCING

18 U.S.C. § 3143(a) provides:

(a)       **Release or detention pending sentence.** -- (1) Except as provided in
paragraph (2), the judicial officer shall order that a person who has been
found guilty of an offense and who is awaiting imposition or execution of
sentence, other than a person for whom the applicable guideline promulgated
pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be
detained, unless the judicial officer finds by clear and convincing evidence
that the person is not likely to flee or pose a danger to the safety of any other
person or the community if released under section 3142(b) or (c).  If the
judicial officer makes such a finding, such judicial officer shall order the
release of the person in accordance with section 3142(b) or (c).

(2)       The judicial officer shall order that a person who has been found
guilty of an offense in a case described in subparagraph (A), (B), or
(C) of subsection (f)(1) of section 3142 and is awaiting imposition or
execution of sentence be detained unless --

(A)       (i)       the judicial officer finds there is a substantial
likelihood that a motion for acquittal or new trial will
be granted; or

(ii)      an attorney for the Government has recommended
that no sentence of imprisonment be imposed on the
person; and

-4-

(B)     the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a).  Offenses falling under 18 U.S.C. § 3142(f)(1)(A) include a "crime of violence."  18 U.S.C. § 3142(f)(1)(A).

18 U.S.C. § 3145(c) provides:

(c)     **Appeal from a release or detention order.** -- An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title.  The appeal shall be determined promptly.  A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).  18 U.S.C. § 3145(c) refers expressly only to appeals.  See 18 U.S.C. § 3145(c). The United States Court of Appeals for the Tenth Circuit has, however, decided that a district court may apply this subsection even when there is no appeal of a detention order.  See United States v. Jones, 979 F.2d 804, 806 (10th Cir. 1992)(per curiam)(citing United States v. Herrera-Soto, 961 F.2d 645, 647 (7th Cir. 1992)(per curiam); United States v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991); United States v. Carr, 947 F.2d 1239, 1240 (5th Cir. 1991)(per curiam))("All the other circuits that have addressed the issue have ruled that the 'exceptional reasons' provision does apply to district courts.  We now join those circuits and hold that a district court may consider whether exceptional reasons exist to release a defendant under 18 U.S.C. § 3145(c)." (citations omitted)).  Once a jury has found a defendant guilty of an offense that triggers the provisions of 18 U.S.C. § 3143(a)(2), a court may, under 18 U.S.C. § 3145(c), order a defendant's release if a court finds that the defendant is not a danger or a flight risk, and there exists exceptional reasons to justify release.  See 18 U.S.C. § 3145(c); United States v. Peterson, 185 F.3d 875, 1999 WL 407493, at *1 (10th Cir.

-5-

1999)(unpublished table decision); <u>United States v. Kinslow</u>, 105 F.3d 555, 556-57 (10th Cir. 1997)(stating that a defendant who sought release pending sentencing for a crime of violence must show by clear and convincing evidence that he was "not likely to flee or pose a danger to any other person or the community" and "making a clear showing of exceptional reasons why his detention would not be appropriate"); <u>United States v. Jager</u>, No. 10-1531, 2011 WL 831279, at *18 (D.N.M. Feb. 17, 2011)(Browning, J.)("Once a court finds that a defendant meets the criteria of § 3143(a)(2), a court may order a defendant's release if a court finds that the defendant is not a danger and there exists exceptional circumstances to justify release.").

Moreover, even if applicable to release following a guilty verdict and before sentencing, a plain reading of 18 U.S.C. § 3145(c) would be that a defendant covered by 18 U.S.C. § 3143(a)(2) has to satisfy an additional requirement to take advantage of 18 U.S.C. § 3145(c) -- that there are exceptional reasons that make the person's detention inappropriate. <u>See</u> 18 U.S.C. § 3145(c); <u>United States v. Jones</u>, 979 F.2d at 805. The Tenth Circuit addressed a case that fleshes out how 18 U.S.C. § 3145(c) operates:

> Appellants pled guilty to certain drug offenses that carried maximum penalties of forty years. Therefore, appellants were subject to the mandatory detention provisions of the Bail Reform Act. Pursuant to 18 U.S.C. § 3143(a)(2), to secure their release pending sentencing, appellants had to establish by clear and convincing evidence that they were not likely to flee or pose a threat to the community if released, and either the government had to recommend that no sentence of imprisonment be imposed or the district court had to find that a motion for new trial or acquittal was likely to be granted. The district court found that neither appellant was likely to flee or pose a danger to the community if released, but that neither could meet the other requirements of § 3143(a)(2).

> Appellants argued that even if they did not meet the requirements of § 3143(a)(2), they were entitled to release pending sentencing if they made the appropriate showing of exceptional circumstances under § 3145(c). Section 3145(c), entitled "[a]ppeal from a release or detention order," provides that an appeal from a release or detention order shall be governed by 28 U.S.C. § 1291 and 18 U.S.C. § 3731 and shall be determined promptly. In 1990, the section was amended to

provide further:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown there are exceptional reasons why such person's detention would not be appropriate.

> Because this "exceptional reasons" provision was added to the provision concerning appeals from detention orders, some district courts, like the one here, have questioned whether they have the authority to consider exceptional reasons for release in the first instance.

> In ruling on appellants' request for release, the district court expressed its belief that § 3145(c) applied to the courts of appeals and not to the district courts. Nonetheless, in the event appellants' interpretation of the law proved correct, the district court considered the circumstances cited by appellants as exceptional reasons warranting their release.  The court determined that none of the circumstances cited constituted an exceptional reason for release.

United States v. Jones, 979 F.2d at 805 (citations omitted).  18 U.S.C. §§ 3143 and 3145 do not define the phrase exceptional reasons.  See 18 U.S.C. §§ 3143, 3145.  Accord United States v. Jager, 2011 WL 831279, at *18 ("Section 3143 does not define 'exceptional reasons.'").  The Tenth Circuit has stated that exceptional reasons means "being out of the ordinary: uncommon, rare."  United States v. Wages, 271 F.App'x 726, 727 (10th Cir. 2008)(per curiam)(unpublished).  Accord United States v. DiSomma, 951 F.2d at 497 (stating that exceptional circumstances are "a unique combination of circumstances giving rise to situations that are out of the ordinary," and finding that a defendant's status as a student, as employed, or as a first-time offender did not constitute exceptional circumstances).  "A wide range of factors may bear upon the analysis" to determine whether exceptional circumstances exist.  United States v. Garcia, 340 F.3d 1013, 1018 (9th Cir. 2003).

-7-

## ANALYSIS

The Court recognizes that it, as a district court, may permissibly release a defendant after a guilty verdict but before sentencing under 18 U.S.C. § 3145(c).  For the Court to release Ganadonegro under this provision, however, he must show that: (i) he is not a flight risk by clear-and-convincing evidence; (ii) he does not pose a danger to the safety of any other person or the community by clear-and-convincing evidence; and (iii) exceptional reasons exist that make his detention inappropriate.  Ganadonegro has conceded that he has been convicted of a crime of violence for purposes of 18 U.S.C. § 3143(a)(2).  See United States v. Serawop, 505 F.3d 1112, 1118 n.2 (10th Cir. 2007)("In addition, Mr. Serawop does not dispute that his voluntary manslaughter conviction is for a crime of violence."); id. at 1119 ("We agree with the government that the MVRA applies to the crime of voluntary manslaughter, which undisputedly involves bodily injury.").  While the Court does not believe that Ganadonegro is a flight risk or poses a danger, the Court does not believe that there are exceptional reasons that make his detention inappropriate.

Exceptional reasons means "being out of the ordinary: uncommon, rare."  United States v. Wages, 271 F.App'x at 727.  In one case, the Tenth Circuit found the following circumstances did not qualify as exceptional reasons:

> Mr. Wages relies on his (1) age (53); (2) lack of prior criminal record; (3) use of a wheelchair and need for a special mattress to avoid pain; (4) limited ability to hear, "making communication impossible through the 6 b[y] 8 inch visitation window at the Muskogee County jail"; and (5) need to care for his elderly mother, who also is deaf and has only a limited ability to see.  He also notes that he "cannot be a threat to the community as he is not allowed on a computer" and "[i]f he were allowed to self-report, it would relieve the Marshal of a special transport of a very sick and feeble man."  Having considered Mr. Wages' arguments and the particular circumstances of this case, we do not find that these circumstances, either singly or in combination, constitute "exceptional reasons" requiring release pending sentencing.

United States v. Wages, 271 F.App'x at 727-28 (alterations in original)(footnote omitted)(citations

omitted).

Ganadonegro asserts the following bases for his argument that exceptional reasons to release him exist: (i) his lack of prior criminal history; (ii) the effect his detention would have on his family; (iii) his good reputation; (iv) his suffering during the several years these charges have been pending; and (v) the length of the sentence he faces.  The Court does not believe these circumstances, when considered together or when considered individually, constitute exceptional reasons.  Many defendants that come before the Court -- especially those off the reservations who commit a crime of violence because of alcohol overconsumption on a given night -- have little or no criminal history. Likewise, many defendants' families have to face the harsh reality that one of their family members will go to prison.  While Ganadonegro has a good reputation, the jury convicted him of a serious crime that involves the death of a child.  Additionally, many defendants go through the hardest time in their life when they are waiting for their trial.  Lastly, many defendants in federal court receive significant sentences that exceed the statutory maximum for Ganadonegro's offense -- fifteen years. See 18 U.S.C. § 1112(b) ("Whoever is guilty of voluntary manslaughter, shall be fined under this title or imprisoned not more than 15 years, or both . . . .").  While the Court is not deciding his ultimate sentence, the Court notes that Ganadonegro will not likely receive a sentence at the statutory maximum based on his apparent lack of criminal history.  It may be difficult for Ganadonegro to go through incarceration before sentencing, but he will have to serve his time in prison at some point.  Congress has set a strict standard for release in Ganadonegro's situation, and the Tenth Circuit has recognized that exceptional reasons are generally not present in a given case. The Court does not believe that Ganadonegro has presented exceptional reasons that would justify his release before sentencing.

In sum, Ganadonegro has presented no more than facts that justify the Court finding that he

is not a danger to the community or any person, and that he is not a flight risk, by pointing to his lack of criminal history and to his excellent performance on pretrial release. While the Court does not rule out that this evidence supporting a finding that he is not a danger to the community or a flight risk would be relevant to show exceptional reasons, the Court believes that, in most cases, there must be something more. The other facts to which Ganadonegro points are not materially different than what the Court sees with other defendants. In the end, Ganadonegro presents no exceptions reasons for delaying his detention until after sentencing.

**IT IS ORDERED** that the Defendant's oral request following the jury trial that ended on March 6, 2012, that he be released before sentencing, is denied.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Kenneth J. Gonzales
  United States Attorney
Jennifer M. Rozzoni
Jeremy Pena
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Kari Converse
Brian A. Pori
  Assistant Federal Public Defenders
Federal Public Defender Office
District of New Mexico
Albuquerque, New Mexico

      *Attorneys for the Defendant*

-10-